# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-50474
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 16, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

YIRANDY ROSALES ALMARAL,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:16-CR-872-1

Before STEWART, Chief Judge, and DENNIS and HAYNES, Circuit Judges.

PER CURIAM:[*]

Yirandy Rosales Almaral was convicted of one count of conspiracy to transport illegal aliens within the United States and two counts of transportation of illegal aliens for private financial gain.  He was sentenced to three concurrent terms of 16 months of imprisonment, to be followed by a total of three years of supervised release.  Rosales Almaral appeals, arguing that the evidence presented at trial was insufficient to support his convictions.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-50474

Because Rosales Almaral moved for a judgment of acquittal under Federal Rule of Criminal Procedure 29 at the close of the Government's case, he preserved the issue for appellate review, and we review his challenge to the sufficiency of the evidence de novo. *See United States v. Ollison*, 555 F.3d 152, 158 (5th Cir. 2009). We will uphold the jury's verdict if a rational trier of fact could conclude that "the elements of the offense were established beyond a reasonable doubt, viewing the evidence in the light most favorable to the verdict and drawing all reasonable inferences from the evidence to support the verdict." *United States v. Percel*, 553 F.3d 903, 910 (5th Cir. 2008) (internal quotation marks and citation omitted).

Regarding his conviction for conspiracy to transport illegal aliens within the United States, Rosales Almaral asserts that there was no evidence to show that he knew the aliens were unlawfully present in the United States. To convict a defendant of conspiracy to transport an undocumented alien, the Government must prove that the defendant (1) agreed with one or more persons (2) to transport an undocumented alien inside the United States (3) in furtherance of his unlawful presence (4) knowingly or in reckless disregard of the fact that the alien's presence in the United States was unlawful. *United States v. Chon*, 713 F.3d 812, 818 (5th Cir. 2013). To prove the conspiracy aspect, the Government must show that there was an agreement—explicit or tacit—to violate the law that each conspirator knew of, intended to join, and participated in voluntarily. *Id.* A defendant's knowledge of the illegal status of his passengers may be established by circumstantial evidence. *See, e.g., United States v. Romero-Cruz*, 201 F.3d 374, 379 (5th Cir. 2000).

The location and time of the meeting, the appearance and smell of both aliens, the instructions given by Rosales Almaral to the men to get down on the floorboard of the truck, and the record of phone calls between the aliens,

Rosales Almaral, and their shared contact all provided sufficient evidence to show that Rosales Almaral had knowledge that the conspiracy involved bringing in unauthorized aliens. *See Romero-Cruz*, 201 F.3d at 379. Rosales Almaral's challenge to this conviction fails.

Concerning his convictions for transportation of aliens, Rosales Almaral argues that the evidence did not show that aliens made payment arrangements with him. Therefore, he contends that there was insufficient evidence of financial gain.

To sustain a conviction for transporting illegal aliens within the United States for commercial advantage or private financial gain, the Government must establish "that: (1) an alien entered or remained in the United States in violation of law"; (2) the defendant "transported the alien within the United States with the intent to further the alien's" illegal presence in this country; (3) the defendant "knew or recklessly disregarded the fact that the alien was in this country in violation of the law"; and (4) the defendant took these actions for pecuniary or commercial gain. *United States v. Nolasco-Rosas*, 286 F.3d 762, 765 (5th Cir. 2002); *see* 8 U.S.C. § 1324(a)(1)(A)(ii), (a)(1)(B)(I).

Both aliens testified that they were to pay the driver upon arrival to their destination. One of the men stated that he had discussed the payment with the contact responsible for providing him with Rosales Almaral's phone number. Though neither witness stated that they discussed the arrangements directly with Rosales Almaral, their testimonies support a rational inference that Rosales Almaral was part of the alien smuggling operation and would receive a financial benefit from assisting in transporting them.

The judgment is AFFIRMED.